# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| DAVID LANDIS, | \* | |
| | \* | No. 15-1562V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: February 5, 2019 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs, interim |
| AND HUMAN SERVICES, | \* | award |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Dan W. Bolton, III</u>, Bolton Law, PLLC, Cary, NC, for petitioner;
<u>Jennifer L. Reynaud</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Mr. Landis filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012) on December 21, 2015. Mr. Landis claims that a tetanus-diphtheria-acellular pertussis vaccine significantly aggravated pre-existing osteoarthritis. His counsel of record is Mr. Dan Bolton.

On October 26, 2018, petitioner moved for an award of attorney's fees and costs on an interim basis, requesting $50,750.00 in fees and $17,864.57 in costs, for a total of $68,614.57. **Petitioner is awarded $68,614.57**.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

\*   \*   \*

The requested fees include work performed and costs incurred through August 20, 2018. Petitioner's motion for fees and costs was not accompanied by any argument in support of the legal basis for his request.

Respondent filed his response to petitioner's motion. Respondent did not provide any objection to petitioner's request. Resp't's Resp., filed Nov. 9, 2018, at 2. Instead, respondent stated that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award." Respondent did not address whether the statutory requirements for an award of attorney's fees and costs have been met. Id.

This matter is now ripe for adjudication.

\*   \*   \*

Mr. Landis's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Mr. Landis is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Mr. Landis should be awarded his attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

   1. **Eligibility for An Award of Attorneys' Fees and Costs**

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since Mr. Landis has not received compensation from the Program, he may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be

met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the expert Mr. Landis has retained, Dr. Nowak-Wegrzyn, satisfy the reasonable basis standard. See exhibits 21 and 42.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Mr. Landis clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

#### A. Reasonable Hourly Rate

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

Mr. Bolton has billed at $250 per hour for attorney work and charged $100 per hour for work of a paralegal. These rates are reasonable.

#### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Bolton's billing entries are sufficiently detailed to conclude that the time he spent working on Mr. Landis's case was reasonable. Mr. Landis is awarded the amount requested, $50,750.00.[2]

C.  Costs

Mr. Landis requests $17,865 in attorney's costs. In his General Order #9 statement, Mr. Landis states that he did not incur any costs. For his attorney, routine items, such as costs associated with retrieving medical records, the court filing fee, shipping, and travel, total $1,714.57  All are reasonable.

The balance — $16,150.00 — is for work Dr. Nowak-Wegrzyn performed. This fee is also reasonable.[3]

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $68,614.57 in the form of a check made payable to petitioner and petitioner's attorney, Dan Bolton.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] If possible, Mr. Bolton should summarize the total number of hours for which he is seeking compensation for each rate.

[3] Although Dr. Nowak-Wegrzyn's work is credited entirely, she is encouraged to exercise more care in creating her invoices. See Pet'r's Fee Mot. App'x 4, page 6.

5